## Clark v. Clark

*Brandt, Riester, Brandt & Malone,* for plaintiff.

*Mulvihill, Grier, Duggan & Hampsey,* for defendant.

McKENNA, J., March 30, 1960.—This is a suit in equity by plaintiff against defendant for a support order in accordance with the terms of a separation agreement entered into between the parties, who were married, or for such other relief as the circumstances warrant.

## The Pleadings

The complaint filed on October 1, 1959, contains these averments:

Defendant and plaintiff are husband and wife, having been married on May 10, 1945. A daughter, Linda Clark, was born to the marriage on July 1, 1948. On April 30, 1957, the parties entered into a separation agreement by the terms of which defendant agreed to pay to plaintiff $600 per month, reduced however to $400 per month from the date of the agreement until August 1, 1961. At that time, according to the agreement, a $10,000 payment will be made to plaintiff. Defendant agreed to assign to plaintiff from his share of his father's estate $90,000 or one third of the share less $10,000, whichever is greater. The will creating the trust referred to contains a spendthrift clause. Defendant also undertook to create a trust and to

execute a will in order to carry out the terms of the agreement. He defaulted in the payments agreed to and revoked the will and trust agreement which he had executed in conformity with his contract. Pittsburgh National Bank was named as trustee under his trust agreement and that same institution is also one of four trustees of the estate created by defendant's father for him.

Plaintiff asks for relief under the Act of April 24, 1947, P. L. 100, 20 PS §301.12, and the Act of December 15, 1955, P. L. 878, as amended, 48 PS §132, and that an order be entered directing Pittsburgh National Bank, successor trustee, to pay $400 per month to her from the share of J. Leonard Clark in the estate of his deceased father, David L. Clark, said payments to continue until August 1, 1961, when they shall be increased to $600 per month. She asks further that the Trust Company be directed to pay past due sums and to impound for her the sum of $10,000 due under the separation agreement of April 30, 1957, and the further sum of $90,000 or 30 percent of her husband's share of his father's estate less $10,000, whichever shall be greater. Complainant also requests that defendant be required to establish a trust fund as he agreed, and for such other relief as may be required in the circumstances.

### The Answer

Defendant's answer to the complaint denies that the parties are husband and wife and asserts that they were divorced by decree of the Eighth Judicial District Court of Nevada dated May 22, 1959, also that because of defendant's changed circumstances he cannot abide by the terms of the separation agreement and that at the time of execution of this agreement he was emotionally disturbed. The existence of defendant's interest in his father's estate is admitted, but it

is asserted that the spendthrift clause and the fact that defendant's estate may be divested by his death prior to age 50 prevent attachment of this interest by plaintiff. Defendant therefore asks us to dismiss the complaint filed.

After hearing a petition was presented to this court asking that Pittsburgh National Bank, trustee of estate of David L. Clark, be made a party to the proceedings. The bank filed an answer asking that the rule issued to show cause why it should not be made a party be discharged for these reasons: (1) The bank is not a necessary party; (2) it being only one of four trustees should not be added unless its cotrustees are also named.

The rule was made returnable March 20, 1960. After argument thereon the rule was discharged.

The issue raised by the pleadings are these:

May this court afford relief to plaintiff? If so, what is the nature of the benefits to be awarded her and against whom may these be enforced?

### The Testimony

The case was heard December 29, 1959, before Judge J. Frank McKenna, Jr., sitting as chancellor. Jane C. Clark testified in her own behalf. William R. Ralph, a trust officer of Pittsburgh National Bank, testified to the extent of the interest of J. Leonard Clark in his father's estate, and Alan D. Riester, a member of the bar of Allegheny County, related some relevant facts, particularly concerning plaintiff's alleged divorce from defendant in Nevada. He said that he had advised plaintiff not to enter her appearance in that case and that plaintiff followed his advice. It was agreed at the trial in the case at bar that the Nevada divorce should be ignored here. We have therefore treated the parties as husband and wife. It is apparent in any event that a decree of a sister State is

not entitled to recognition under the full faith and credit clause of the Federal Constitution if such decree was entered without jurisdiction over defendant. Loiacono v. Loiacono, 179 Pa. Superior Ct. 387 (1955).

From the testimony produced at the hearing we make the following

### Findings of Fact

1. Defendant, J. Leonard Clark, and plaintiff, Jane C. Clark, are husband and wife, having been married on May 10, 1945, at Pittsburgh, Allegheny County. One daughter was born to the marriage, namely, Linda Clark, on July 1, 1948.

2. Plaintiff now resides with her daughter Linda at 632 Field Club Road, Fox Chapel, Allegheny County. Defendant resides at 11401 Montana, Los Angeles 49, Calif.

3. The parties separated in February of 1956 and have not lived together since that time. On April 30, 1957, they entered into a separation agreement by the terms of which defendant agreed to pay to plaintiff $400 per month until August 1, 1961, and $600 per month thereafter. On said date defendant was also to pay plaintiff $10,000 in cash. The agreement assigns to the wife $90,000 or 30 percent of defendant's share in his father's estate less $10,000, whichever shall be greater.

4. Defendant complied with the aforesaid agreement until April of 1959 by paying to plaintiff $400 per month. At that time defendant ceased making payments to plaintiff. He has repudiated his agreement and revoked a trust agreement and a will, which he had executed to carry out the terms of the contract.

5. David L. Clark, defendant's father, executed a will dated September 9, 1937. After his death on February 3, 1939, the will was admitted to probate

and is of record in the office of the Register of Wills of Allegheny County in Will Book Vol. 240, p. 420. By the terms of this instrument decedent created a spendthrift trust for his son, J. Leonard Clark, defendant herein. Defendant's share of his father's estate as of May 27, 1959, was $366,477. On attaining age 50 the trust terminates as to defendant and he then becomes entitled to his share absolutely and free of trust. Defendant will be 50 years of age on April 3, 1961.

6. Prior to his marriage to plaintiff, defendant had been married to one Dorothy G. Clark. This marriage occurred on March 11, 1936 and terminated in separation in 1945 and divorce thereafter. Two children were born of the union, Barbara Elaine, now aged 22, and Sherry, now aged 18. By the terms of a separation agreement dated January 30, 1945, defendant agreed to pay for the support of his first wife and family at least the sum of $600 per month until 1963.

7. Plaintiff's expenses amount to $654 per month. These include rent of $125, food bills in a like sum, items for telephone, gas and light and miscellaneous expenses for plaintiff and her daughter Linda.

8. Defendant is at present engaged in the sale of fountains in California. He has not, however, been able to earn any profit in this or any other business since moving to California in 1956 because of his age and lack of contacts in that area. His income is limited to distributions made by the trustees under his father's will. These amount to slightly in excess of $10,000 per annum.

9. In 1959 defendant moved to Nevada and entered suit against plaintiff for divorce. On May 22, 1959, the Eighth Judicial Court of Nevada entered an absolute decree of divorce. Plaintiff was not served with notice of this suit and defendant does not rely on the decree as terminating his marriage to plaintiff.

*Discussion*

Plaintiff asks us to direct defendant and the trustees of his estate to award her support. She asks that we, in effect, specifically enforce the separation agreement of April 30, 1957, by directing said trustees to pay her $400 per month plus arrearages under the agreement, and to suspend distribution of about $100,000 to insure future compliance with the agreement. Defendant asserts that this court has no jurisdiction over the trust estate and that the agreement, being an attempt to assign an interest in a spendthrift trust, is invalid.

Since the estate of David L. Clark is not a party to this litigation, it is obvious that our order cannot affect that entity. Our jurisdiction is limited to a determination of the amount to which plaintiff is entitled under all the circumstances. Defendant's only income at this time consists of payments made to him by the trustees. We must necessarily therefore give consideration to this spendthrift trust estate and to the law applicable to the facts here present.

The Act of May 23, 1907, P. L. 227, 48 PS §132, expressly authorizes a suit in equity in this court by a deserted wife to recover support from her husband. The Act of May 10, 1921, P. L. 434, 48 PS §136, provides that an order for support may be enforced against the interest of a beneficiary and that such order or levy may be a continuing lien against 50 percent of the beneficiary's interest in a trust estate subject to spendthrift provision.

The Estates Act of April 24, 1947, P. L. 100, 20 PS §301.12, successor to Wills Act of June 7, 1917, P. L. 403, 20 PS §243, provides that the income from a spendthrift trust may be reached by a wife for her support. It is to be noted that the act contains no limitation. Therefore, the entire income may be attached. An order for support will not, however, be a "continuing lien" under this statute. This distinction is an-

alyzed in Stewart's Estate, 334 Pa. 356, at page 365.

Under the Orphans' Court Act of August 10, 1951, P. L. 1163, as amended August 4, 1955, P. L. 302, 20 PS §2080.301, that court has exclusive jurisdiction over the administration and distribution of the real and personal property in a decedent's estate. We believe that these statutes are consistent and that, had the trustees been joined, an order binding the David L. Clark estate might have been made by the court of common pleas. This procedure was followed in Jones v. Jones, 344 Pa. 310 (1942).

It is not necessary, however, that the trustees be made a party to this litigation. The legislature has expressly provided in the Act of May 10, 1921, P. L. 434, supra, that an order may be enforced against a spendthrift trust by attachment execution.

Under the Act of May 23, 1907, P. L. 227, supra, this court (common pleas) has jurisdiction to entertain a suit by a wife for support. The testimony in the case indicates that defendant has an income from his father's estate of approximately $10,000 per annum and no other income. Plaintiff requires the sum of $654 per month for her support. She has dividends of about $200 per month from her own stocks. Under the circumstances we believe it equitable that defendant be required to pay plaintiff $450 per month for her support. This order will continue against the individual defendant for the life of plaintiff or until further order of this court. It is provided by statute that changed circumstances, such as the death or marriage of plaintiff or her daughter in the case at bar, may furnish a basis for modification of the order: Act of June 19, 1939, P. L. 440, 17 PS §263.

In addition to the nonjoinder of the David L. Clark estate, there is a further reason why this court may not direct that payments be made to plaintiff by the trustees of the estate. In the separation agreement of

April 30, 1957, defendant in effect attempted to assign a percentage of his interest in the estate to plaintiff. This may not be done. The estate may be liable for the support of plaintiff, but only to the extent determined to be fair and reasonable by a court of competent jurisdiction. We find no authority for the principle that the beneficiary himself may assign his share of the estate even for this worthy objective. There is authority for the principle that the wife may sue on a separation agreement, obtain judgment in the amount of the default and recover against property of defendant not subject to a spendthrift trust. See A. L. I. Restatement of the Law of Trusts §152(k) ; Kelly v. Kelly, 11 Cal 2d 356, 70 P 2d 1059, 119 A. L. R. 71 (1938). We are in accord with this. The agreement in the case at bar, however, is more an assignment of defendant's interest in the trust estate than an agreement for the payment of money.

Plaintiff has received no payments during the past year. This suit was instituted October 1, 1959. Our support order will be effective on that date. The first current payment will be due April 1, 1960, and the arrearage of $2,700 will be due immediately.

### Conclusions of Law

1. This court has jurisdiction in equity over the subject matter of this controversy and over the parties to the suit. It has the power and authority to determine if defendant is under a duty to pay support to his wife, plaintiff, and if so the amount thereof. This jurisdiction is conferred by the Act of May 23, 1907, P. L. 227, as amended, 48 PS §131.

2. Defendant and plaintiff are husband and wife, the attempted divorce by defendant in Nevada being a nullity.

3. The separation agreement of April 30, 1957, containing support provisions, entered into by the wife-plaintiff and the husband-defendant will not be

enforced specifically for it is an attempted assignment of a portion of husband-defendant's interest in the spendthrift trust created under the will of his father, David L. Clark.

4. A support order must be fair and reasonable based on the circumstances surrounding the parties to this action. Taking into consideration the needs of the wife-plaintiff and the husband's situation, it is equittable that defendant-husband pay to plaintiff-wife for her support and that of their child the sum of $450 per month and back payments in the sum of $2,700.

5. This court does not have jurisdiction to cause its order of support to be a lien against the husband-defendant's interest in the trust under the will of David L. Clark pursuant to the Act of May 10, 1921, P. L. 434, as the trustees of that trust are not parties to this suit in equity.

### Decree Nisi

And now, to wit, March 30, 1960, it is ordered and decreed that defendant pay to plaintiff the sum of $2,700 forthwith for past due support and the sum of $450 per month commencing April 1, 1960.